
FILED
2012 Apr-04  PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2012-900618.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## ROLAND L. ENGRAM V. MIDLAND FUNDING, LLC ET AL

NOTICE TO: MIDLAND CREDIT MANAGEMENT, INC., C/O CSC LAWYERS INC. SVC 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    ROLAND L. ENGRAM
   pursuant to the Alabama Rules of the Civil Procedure

| 2/25/2012 12:26:44 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

Date          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**01-CV-201**<br>Date of Filing:<br>02/25/2012 |  ELECTRONICALLY FILED<br>2/25/2012 12:26 PM<br>CV-2012-900618.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ROLAND L. ENGRAM v. MIDLAND FUNDING, LLC ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other   **First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:   FDCPA

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING       A ☐ APPEAL FROM DISTRICT COURT       O ☐ OTHER

R ☐ REMANDED       T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes   ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   WAT056        2/25/2012 12:23:50 PM        /s/ JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:**   ☐ Yes   ☑ No   ☐ Undecided



ELECTRONICALLY FILED
2/25/2012 12:26 PM
CV-2012-900618.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROLAND L. ENGRAM, an individual,    )
                                          )
       Plaintiff,                 )
                                          )
v.                                        )
                                        )   Civil Action No.:
MIDLAND FUNDING, LLC, a corporation; )
MIDLAND CREDIT MANAGEMENT,    )
INC., a corporation; FICTITIOUS      )
DEFENDANTS A, B and C being that   )
person, entity or individual who collected on )
the account at any time; FICTITIOUS    )
DEFENDANTS D, E, and F, being that   )
person, entity or individual who negligently )
hired, trained and supervised the person or )
entity charged with collecting on the     )
account; FICTITIOUS DEFENDANTS G,  )
H, and I, being that person, entity or    )
individual who threatened or did cause   )
harm to Plaintiffs including credit       )
reporting; FICTITIOUS DEFENDANTS J,  )
K. and L, being that person, entity or    )
individual who committed the wrongful acts )
alleged in the Complaint. Names of the   )
Fictitious parties are unknown to the    )
Plaintiffs at this time but will be added by )
amendment when ascertained,         )
                                        )
       Defendants.              )

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, and for his Complaint against the

Defendants states as follows:

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection

Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendants and their agents in its illegal efforts to collect a consumer debt from Plaintiff.

2.    The Plaintiff was sued for a debt he did not owe.

3.    The Plaintiff won the lawsuit.

4.    Defendants have continued to illegally collect against Plaintiff on a debt he does not owe.

5.    The following background information is set forth to provide helpful information regarding the collection lawsuit industry.

## BACKGROUND INFORMATION ON DEBT BUYER LAWSUITS IN ALABAMA

6.    This case represents a growing trend in the debt collection and credit reporting industries.

7.    First, a debt buyer which claims to buy the Plaintiff's debt for pennies on the dollar will sue the Plaintiff in small claims or district court.

8.    The debt buyer will hire a collection law firm to file the suit.

9.    Generally, most consumers default as they assume if a lawsuit has been filed, it must be legitimate.

10.    Occasionally, however, the consumer will file an answer and deny owing money.

11.    This causes great annoyance and angst for the debt buyer and the collection law firm.

12.    The reason is that the debt buyer and the collection lawyer know that in virtually every case they will be unable (or unwilling) to prove that the consumer owes this debt to the debt buyer.

13.    The debt buyer and collection law firm have no intention of proving their case.

14.    No witness will be provided by the debt buyer.

15.    The entire model is based upon filing a high volume of cases, obtaining default judgments, and never having to make any effort to prove the allegations of the lawsuit.

16. When resistance is provided, such as an attorney defending a consumer, the debt buyer's collection law firm will dismiss the case or will show up at trial with no evidence, no witness, and no intention of proving the case.

17. This is a reality that the debt buyers and collection lawyers prefer to keep secret from consumers in Alabama.

18. The case gets set for trial.

19. Knowing they cannot prove their case, the debt buyer and collection law firm will dismiss their case with prejudice right before trial.

20. The debt buyer and collection law firm have 14 days to appeal from an adverse judgment in Alabama Small Claims or Alabama District Court.

21. The debt buyer does not appeal.

22. The debt buyer knows that losing its case means under Alabama law that the debt is not owed by the consumer to the debt buyer.

23. The collection lawyer knows that losing its case means under Alabama law that the debt is not owed by the consumer to the debt buyer.

24. Since the debt is not owed, collection efforts must cease.

25. Since the debt is not owed, credit reporting must cease by the debt buyer (and its related collection entities).

26. Normally, however, the debt buyer (and even sometimes the collection law firm) is not willing to give up.

27. The debt buyer will continue to credit report that the consumer owes the debt.

28. The same debt that a court determined is not owed.

3

29.    Often the consumer will be convinced to pay the non-existent debt to get it off their credit report or to stop the collection activities.

30.    When confronted about their actions, the debt buyer, the collection agency, and its agents (including attorneys) will say the payment was voluntary.

31.    The debt buyer and collection agency will say the collection efforts were merely accidents caused by one or more of the following (or similar excuses):

32.    "A new person was working who improperly coded the file."

33.    "A simple keyboard error occurred that kept the debt alive."

34.    "The letters and calls and credit reporting were simply to give the consumer a chance to pay off a moral obligation but were not really attempts to collect the debt."

35.    "The debt buyer files so many lawsuits, it can't be expected to keep up with which ones it loses."

36.    "The debt buyer did not even know the collection law firm had filed the suit."

37.    "The collection law firm never told the debt buyer the suit had been lost."

38.    "The debt buyer and collection agency can collect on any debt, even one that is not owed, because the consumer is guilty until he or she proves that she is innocent."

39.    "Collection is important in America for the economy, so if some innocent people are harassed, it is acceptable for the good of the economy."

40.    "Being harassed and sued and credit reported on a debt you do not owe should not cause any one any problems."

41.    "Debt collection is a tough business and there are going to be innocent people who are harmed and that is just a reality and there is no need to get upset about it or to sue anyone. It is part of life."

4

42.   When sued over this illegal conduct, the debt buyer will make the excuses listed above.

43.   Ultimately, when sued, the debt buyer will say "Well, yes, technically this should not have happened but despite losing in court we all know this consumer really did owe the money, so we are allowed to violate multiple state and federal laws."

44.   When sued, the debt buyer will say it is the fault of the consumer.

45.   When sued, the debt buyer will blame the collection law firm.

46.   When sued, the debt buyer will say the consumer is guilty of contributory negligence.

47.   Amazingly, when sued the debt buyer will say that the judgment of a small claims or state district court judge is not a "real judgment" and should not bind the debt buyer and the debt buyer will desire to show that the debt really was owed, despite losing the collection lawsuit.

48.   The Plaintiff in this case disagrees and has brought this case to expose this dark side of the collection industry and how the collection industry abuses consumers across Alabama in a routine, systematic, and deliberate manner.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

49.   Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

50.   Congress recognized that there are four social ills caused by abusive debt collection:  (1) Unnecessary personal bankruptcies;  (2) Marital instability;  (3) Loss of jobs;  and  (4) Invasions of individual privacy.

51.   Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

5

52.     15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it

states as follows:

(a)     There is abundant evidence of the use of abusive, deceptive, and unfair
        debt collection practices by many debt collectors. Abusive debt collection
        practices contribute to the number of personal bankruptcies, to marital
        instability, to the loss of jobs, and to invasions of individual privacy.
(b)     Existing laws and procedures for redressing these injuries are inadequate
        to protect consumers.
(c)     Means other than misrepresentation or other abusive debt collection
        practices are available for the effective collection of debts.
(d)     Abusive debt collection practices are carried on to a substantial extent in
        interstate commerce and through means and instrumentalities of such
        commerce. Even where abusive debt collection practices are purely
        intrastate in character, they nevertheless directly affect interstate com-
        merce.
(e)     It is the purpose of this title to eliminate abusive debt collection
        practices by debt collectors, to insure that those debt collectors who
        refrain from using abusive debt collection practices are not
        competitively disadvantaged, and to promote consistent State action to
        protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

53.     Plaintiff Roland L. Engram (hereinafter "Plaintiff") is a natural person who is a resident of

Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

54.     Defendant Midland Funding, LLC, ("Defendant" or "Midland[2]") is a foreign debt

collection firm that engages in the business of debt collection in Alabama. It is a debt

collector under the FDCPA.

55.     Defendant Midland Credit Management, Inc., ("Defendant" or "Midland") is a foreign

debt collection firm that engages in the business of debt collection in Alabama. It is a

debt collector under the FDCPA.

---

[2] "Midland Funding, LLC" or "Midland Credit Management, Inc." means Midland directly or through its debt
collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or
otherwise took any collection action against Plaintiff.

56. Defendant Midland Funding, LLC and Defendant Midland Credit Management, Inc. are hereinafter referred to collectively as "Midland."

57. Defendant Midland Funding, LLC, upon information and belief, allegedly buys defaulted consumer debt.

58. Defendant Midland Funding, LLC, assigns all collection activities for the defaulted debt to Midland Credit Management, Inc.

59. These companies are operated from the same location, with the same ownership, and are otherwise treated as one company.

60. FICTITIOUS DEFENDANTS A, B and C being that person, entity or individual who collected on the account at any time; FICTITIOUS DEFENDANTS D, E, and F, being that person, entity or individual who negligently hired, trained and supervised the person or entity charged with collecting on the account; FICTITIOUS DEFENDANTS G, H, and I, being that person, entity or individual who threatened or did cause harm to Plaintiffs including credit reporting; FICTITIOUS DEFENDANTS J, K. and L, being that person, entity or individual who committed the wrongful acts alleged in the Complaint. Names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

61. Any reference to any Defendant or Defendants includes all fictitiously described defendants as if fully set forth.

## Factual Allegations

## The Small Claims Complaint

62. On June 28, 2011, Defendant Midland sued Plaintiff[3] in the Small Claims Court of Jefferson County, Alabama, with a case number of SM-2011-2322.

63. This suit was filed by the Couch, Conville & Blitt, LLC collection law firm.

64. In this suit, Defendant Midland asserted it was the owner of a certain debt allegedly owed by Plaintiff.

65. The debt was listed at $1,243.82 plus interest.

66. The original creditor is listed as First Bank of Delaware Tribute Mastercard.

67. Given this lawsuit, Defendant Midland would be expected to have an intention of proving its case.

68. No such intention existed.

69. Defendant Midland never intended to offer one shred of evidence to prove its case.

70. This lawsuit, and the hundreds of other Alabama lawsuits filed by Midland, was filed with the intention of getting default judgments on debts that Defendant Midland cannot and will not prove it has any right to collect on.

## Plaintiff Answers The Midland Lawsuit

71. Plaintiff did not and does not owe the debt.

72. Plaintiff filed an Answer denying the allegations of Defendant Midland.

73. The Answer was filed on July 21, 2011.

74. Defendant Midland received a copy of this denial.

75. Defendant Midland understood that Plaintiff was refusing to pay on this debt.

---

[3] Plaintiff's last name was misspelled as "Ingram" instead of "Engram."

### The Judge Sets The Midland Lawsuit For Trial

76.   The state court set the case for trial.

77.   Notice was sent to Defendant Midland and Plaintiff.

78.   At all times Plaintiff was prepared for trial.

### Midland Files A Motion To Dismiss The Lawsuit With Prejudice

79.   Defendant Midland realized that Plaintiff was willing to fight this case and that Plaintiff had counsel representing him.

80.   Defendant Midland knew that with its intention to never prove the case, and with a represented Plaintiff, the game was over.

81.   Defendant Midland had no intention of ever going to court to prove its case.

82.   Defendant Midland filed a Motion to Dismiss with Prejudice.

### Midland Loses The Collection Case

83.   On September 29, 2011, District Court Judge Amari dismissed the case with prejudice.

84.   This ended the case Defendant Midland filed against Plaintiff.

85.   This should have ended the collection activities against Plaintiff by Defendant Midland.

86.   Collection activities continued.

### Implications Of Losing The Case

87.   Defendant Midland knows that under Alabama law when it loses a case by dismissing it with prejudice, this means Plaintiff does not owe Defendant Midland any money on this alleged debt.

88.   Defendant Midland knows that losing the case means that it cannot credit report this account on Plaintiff.

89.   Defendant Midland knows that losing the case means it cannot continue to collect against Plaintiff on this account.

90.   Defendant Midland knows that losing the case means that it cannot send the account out to another collection agency.

### False Credit Reporting By Defendant Midland

91.   After the lawsuit was filed, Defendant Midland reported on Plaintiff's credit report that this account was owed.

92.   Even after the loss by Defendant Midland on September 29, 2011, credit reporting continued.

93.   Plaintiff's credit reports, accessed on February 23, 2012, show the Defendant Midland account still on Plaintiff's credit report.

94.   The credit reports show a balance owed.

95.   The credit reports show this as a collection account.

### Why Defendant Midland Falsely Credit Reports After Losing Its Collection Case

96.   Defendant Midland has a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. The reason is to keep false information on the credit report. The false information consists of a balance shown as owed when Defendant Midland knows no balance is owed.

97.   Defendant Midland has promised through its subscriber agreements or contracts to accurately update accounts but Defendant Midland has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FDCPA and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

10

98.    Defendant Midland assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

99.    Defendant Midland has a policy to "park" its accounts on at least one of the consumer's credit report. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant Midland 's intentional and malicious conduct.

100.   In parking or allowing the parking of an account, Defendant Midland knows it is violating its obligation and duty under federal and state law to accurately report the account and the balance.

101.   Defendant Midland knows that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendant's actions with the goal to force the Plaintiff to pay on an account Plaintiff does not owe.

102.   Defendant Midland failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

103.   Defendant Midland has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt

to third parties, including consumer-reporting agencies, that Plaintiff owes the debt, that Plaintiff defaulted, and that the account was in collections with a balance currently owed.

### Remaining Factual Allegations Against Defendant Midland

104. Defendant Midland is not the owner of this alleged debt.

105. Defendants Midland has continued collection activities against Plaintiff.

106. These continued collection activities include credit reporting.

107. Based upon information and belief, the continued collection activities include a planned second lawsuit against Plaintiff for this debt.

108. Plaintiff did not and does not owe this money to Defendant Midland.

109. The debt being collected is a consumer debt as defined by the FDCPA.

110. Plaintiff is a "consumer" as defined by the FDCPA.

111. Defendant Midland is a "debt collector" as defined by the FDCPA.

112. Defendant Midland refused to give Plaintiff all required notifications and disclosures under the FDCPA.

113. Defendant Midland dismissing the case against the Plaintiff shows that Plaintiff does not owe this debt.

114. Defendant Midland has been repeatedly sued in Alabama for filing suits with no basis to do so.

115. Defendant Midland has been repeatedly sued in Alabama for filing suits with no intention of proving the allegations in the lawsuits.

116. Defendant Midland has been repeatedly sued in Alabama for refusing to correct credit reports after it has lost a collection case.

117.  Defendant Midland has been repeatedly sued in Alabama for continuing collection activities by demanding payments from consumers after the consumers have won their Midland collection cases.

118.  Defendant Midland has full knowledge of what it is doing by filing bogus lawsuits and continuing illegal collection activities after losing its collection lawsuits.

119.  The conduct of the Defendant Midland has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

120.  It is a practice of the Defendant Midland to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

121.  Defendant Midland knows its conduct is wrong.

122.  All actions taken by employees, agents, servants, or representatives of any type for the Defendant Midland were taken in the line and scope of such individuals' employment, agency or representation.

123.  All actions taken by the Defendant Midland were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

124.  Defendant Midland has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or consumer reports and as such Defendant

Midland is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

125. Defendant Midland is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

## SUMMARY

126. All of the above-described collection activities made to Plaintiff by Defendant Midland were made in violation of the FDCPA, including (but not limited to) §1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

127. The above-detailed conduct by the Defendant Midland of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

128. This series of abusive collection actions by Defendant Midland caused Plaintiff stress and anguish.

129. Defendant Midland 's attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

130. Plaintiff has suffered actual damages as a result of these illegal actions by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation,

embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

131.    Defendant Midland negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

132.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

133.    The acts and omissions of Defendant Midland constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including (but not limited to) §1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

134.    As a result of Defendant Midland's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Midland.

## COUNT II.

## INVASION OF PRIVACY

135.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

136.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Midland violated Alabama state law as described in this Complaint.

137.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a) (emphasis added).

138.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

139.   Defendant Midland intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

140.   Defendant Midland intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

141.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

142.   The conduct of Defendant Midland, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant Midland which occurred in a way that would be highly offensive to a reasonable person in that position.

143.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Midland.

144.   All acts of Defendant Midland were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Midland is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

145.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

146.   Defendant Midland's collectors are allowed and encouraged to break the law in order to collect debts.

147.   Defendant Midland is aware of the wrongful conduct of its collectors.

148.   Defendant Midland negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Midland is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV.

### NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

149. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

150. Defendant Midland acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

151. Defendant Midland violated all of the duties Defendant Midland had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

152. It was foreseeable, and Defendant Midland did in fact foresee it, the actions of Defendant Midland would lead and did lead to the exact type of harm suffered by Plaintiff.

153. Defendant Midland acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

154. Defendant Midland invaded the privacy of Plaintiff as set forth in Alabama law.

155. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

156. As a result of this conduct, action, and inaction of Defendant Midland, Plaintiff has suffered damages as set forth in this Complaint.

### COUNT V

### MALICIOUS PROSECUTION AND ABUSE OF PROCESS AGAINST DEFENDANT MIDLAND

157. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

18

158.  Defendant Midland instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so.

159.  Defendant Midland filed the lawsuit with no intention of ever proving its case.

160.  Defendant Midland continued to prosecute the case with no intention of ever proving its case.

161.  Defendant Midland filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if Plaintiff did not answer the suit.

162.  Defendant Midland instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant Midland money on a non-existent debt.

163.  The malicious plan of Defendant Midland included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and the Defendant Midland tried to accomplish this by the Defendant Midland's malicious and abusive actions.

164.  Throughout the entire illegal lawsuit against Plaintiff, Defendant Midland knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant Midland knew it was not entitled to receive.

165.  The litigation against Plaintiff filed by Defendant Midland  eventually resulted in an adjudication in favor of Plaintiff after Defendant Midland  realized that its illegal scheme and plan had unraveled in that it had been caught.

166.   The illegal and improper actions of the Defendant Midland   constitute malicious prosecution and abuse of process.

167.   The Plaintiff suffered past and future emotional distress and monetary loss as a direct and proximate result of Defendant Midland.'s abuse of process and malicious prosecution.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be entered against all Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
M. Stan Herring (HER037)
Attorneys for Plaintiff

OF COUNSEL:
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

### PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
Attorney for Plaintiff

20

Serve defendants via certified mail at the following address:

Midland Funding, LLC
c/o CSC Lawyers Incorporating Srv Inc
150 S. Perry Street
Montgomery, Alabama 36104

Midland Credit Management, Inc.
c/o CSC Lawyers Incorporating Srv Inc
150 S. Perry Street
Montgomery, Alabama 36104

ELECTRONICALLY FILED
2/25/2012 12:26 PM
CV-2012-900618.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ROLAND L. ENGRAM, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: |
| MIDLAND FUNDING, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

---

### PLAINTIFF'S INTERROGATORIES, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR PRODUCTION OF STATEMENTS TO DEFENDANTS

---

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

### <u>INSTRUCTIONS</u>

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

- 1 -

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a. The date of the document;

b. The type of document;

c. The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d. The name of the employer or principal whom the signers, addressers and preparers were representing;

e. The present location of the document;

f. The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g. A summary of the contents of the document; and

h. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there

are no such documents, please so state.   If there are such documents, please list and mark appended documents responsive to each request.  (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them.  An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it.  If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of three (3) years prior to the filing of the suit to the day the Defendant responds to the discovery.

- 4 -

## INTERROGATORIES

Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:

1.  Identify all documents, witnesses, and facts that relate to your affirmative defense of "bona fide error" under the FDCPA.

2.  Identify all documents, witnesses, and facts that relate in any way to each and every affirmative defense pled in your answer or any amendment thereto.

3.  Identify and describe each communication, or attempted communication, between the Defendants and the Plaintiffs, or any other person, which is in any way related to the Plaintiff's alleged debt, by stating the following:

    a.  The name of the individual initiating communication;

    b.  The name of the person and/or description of the person to whom the communication was directed;

    c.  The date and time of the communication;

    d.  The method of the communication (e.g. letter, phone call, in-person, auto dialer, pre-recorded message, predictive dialer, etc);

    e.  A detailed description of the substance of the communication, (do not simply refer to collection notes);

    f.  Identification of all witnesses to or participants in the communication; and,

    g.  Any actions taken by any Defendant as a result of the communication.

4.  Identify all lawsuits brought against Defendants arising out its collection or attempted collection activities, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

5.      Identify all lawsuits brought against Defendants arising out of any alleged inaccurate credit reporting, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

6.      Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

7.      For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

     a.      First, last, and middle legal name;

     b.      All DBA, fake, or alias name(s) used by this person;

     c.      Job title or capacity;

     d.      Business address and telephone number;

     e.      Home address and telephone number;

     f.      Age;

8.      Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

9.      Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

     a.      First, last, and middle legal name;

     b.      All DBAs, fake, or alias name(s) used by this person;

     c.      Job title or capacity;

     d.      Business address and telephone number;

- 6 -

     e.     Home address and telephone number;

     f.     Age;

     g.     State the general substance of each person's knowledge.

10.    Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:

     a.     The training content, timing, and duration;

     b.     All documents and audio or visual materials used in such training; and

     c.     Each person involved in providing such training.

11.    Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

12.    Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts.

13.    Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts; and Defendants' policies and procedures for operating such a system of records.

14.    Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

15.    Identify whether any or all of the Defendants recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

16. Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

17. In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was originated, referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

18. Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider.

19. Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider.

20. Identify the full legal name, address, telephone, position, and title of all former employees of Defendants who in any manner were involved with the account of the Plaintiff.

21. Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, by supplying

- 8 -

the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

22. Explain in detail and identify all persons with knowledge and all documents related to the relationship between the Defendants in this case.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:

1. Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2. Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees and agents in any and all of the following areas:

      a.      Collection policies;

      b.      Collection procedures;

      c.      Collection methods;

      d.      Collection techniques;

      e.      Collection tactics;

      f.      Collection rules;

      g.      Collection regulations; and

      h.      Compliance with local, state, or federal laws, codes, or regulations.

3.   Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or who are agents of Defendants or supervised by Defendants.

4.   Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts.

5.   Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities.

6.   Any and all personnel files, human resource department records, employment files, and other documents including, but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiff.

7.   Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiffs reside.

8.   Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

- 10 -

9.   Any and all documents or recordings documenting, or otherwise tracking Defendants'
     attempts to collect a debt from Plaintiffs, including but not limited to:

     a.   Records of all inbound or outbound telephone calls, to or from Plaintiff;

     b.   Records of all inbound or outbound United States mail, to or from Plaintiff.

     c.   Records of all other inbound or outbound communication of whatever kind, to or
          from Plaintiff.

10.  Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise
     created using any computer system, software package, software system, or other electronic
     or non-electronic device used in any manner by Defendants to collect debts, which include
     any Plaintiffs' name, address, telephone number(s), account number, or any other
     information which is personally identifiable to Plaintiff.

11.  A plain-English description or glossary for any and all lists, legends, codes, abbreviations,
     collector initials, or other non-obvious terms, words, or data contained in any of the
     documents produced above.

12.  Exemplars of any and all orientation, new hire, or any other manual given to natural persons
     employed by any Defendant to collect debts at the commencement of that person's
     employment.

13.  Any and all documents relating in any manner to your affirmative defense of bona fide
     error.

14.  Any and all documents relating to any affirmative defense.

15.  Exemplars of any and all documents of whatever kind given to natural persons employed by
     any Defendant to collect debts at the commencement of that person's employment.

## REQUEST FOR PRODUCTION OF STATEMENTS

Pursuant to Rule 26 and 34 of the Rules of Civil Procedure, Plaintiff demands that copies of the following be made available:

1. All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.

## REQUEST FOR ADMISSIONS

Pursuant to the Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:

1. The debt being collected is a consumer debt as defined by the FDCPA.

2. You are a "debt collector" as defined by the FDCPA.

3. You agree a debt collector who violates the FDCPA should apologize to the consumer.

4. You agree debt collectors who violate the FDCPA put law abiding debt collectors at a competitive disadvantage.

5. You have no intention of changing the way you collect debts after learning what you did to the Plaintiff.

6. You refuse to apologize to the Plaintiff for your debt collection activities.

7. Nothing prior to this suit being filed prevented you from apologizing to the Plaintiff.

8. You have never apologized to the Plaintiff.

9. You reported this debt to one or more of the consumer reporting agencies.

10. You reported this debt to one or more of the consumer reporting agencies after you lost the collection trial against Plaintiff.

11. Plaintiff does not owe you any money on the account you sued Plaintiff for.

- 12 -

12.     You knew before you dismissed the case that Plaintiff disputed the debt.

13.     You have not marked the account as disputed on Plaintiff's credit reports s of the date this

        suit was filed.

14.     You still believe that Plaintiff owes the debt.

15.     You intend to continue collection activities against Plaintiff.

16.     Until this lawsuit was received, you planned on continuing collection activities against

        Plaintiff.


                                        Respectfully Submitted,

                                        /s/ John G. Watts
                                        John G. Watts (WAT056)
                                        M. Stan Herring (HER037)
                                        Attorneys for Plaintiff

OF COUNSEL:
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com


                    SERVE WITH THE SUMMONS AND COMPLAINT


                                  - 13 -

ELECTRONICALLY FILED
2/25/2012 12:26 PM
CV-2012-900618.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ROLAND L. ENGRAM, an individual, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No.: |
| MIDLAND FUNDING, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF MIDLAND FUNDING, LLC AND MIDLAND CREDIT MANAGEMENT, INC. BY VIDEO AND/OR OTHER LAWFUL MEANS

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

DEPONENT:    Corporate Representative of Midland Funding, LLC and Midland Credit Management, Inc.

DATE:    June 11, 2012

TIME:    10:00 a.m.

PLACE:    Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

-1-

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant[1] must designate an individual to testify as to the following matters:

1. The Defendant's investigation into the claims made by Plaintiff in the Complaint;

2. The methods, practices, techniques and strategies used by Defendant in training their collection employees;

3. The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

4. The management, supervision, and discipline of all Defendant's collection employees and agents;

5. The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

6. The use of alias names by any Defendant and or employee of any Defendant in the collection of accounts;

7. All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

8. The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

9. The telephone system(s), local and long distance services used by Defendant and its collection employees and agents in the course of their business or in the course of collecting accounts;

10. The phone systems of Defendant and any monitoring and recording of telephone calls;

---

[1] "Defendant" refers to both Defendant Midland Funding, LLC and Defendant Midland Credit Management, Inc.

11. The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

12. The long distance telephone provider used to make calls relating to the herein account;

13. The factual basis for the Defendant's Answer;

14. The factual basis for the Defendant's defenses contained in their Answer;

15. The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

16. The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

17. All documents produced to Plaintiff by Defendant in the course of this case;

18. The general nature of the Defendant's businesses;

19. The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present;

20. Policies and procedures on apologizing to consumers when you determine you have violated the law against a consumer;

21. Who the Defendant represented while collecting the debt at issue;

22. All communications between you and any other Defendant in this case in any way related to Plaintiff;

23. All communication between you and any other debt collector in any way related to Plaintiff; and

-3-

24.   All threatened, planned, and/or carried out collection activities of any type against or concerning the Plaintiff.

**DUCES TECUM**

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1.   All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts

John G. Watts (WAT056)
M. Stan Herring (HER037)
Attorneys for Plaintiff

OF COUNSEL:
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 facsimile
john@wattsherring.com
stan@wattsherring.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

-4-

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2012-900618.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### ROLAND L. ENGRAM V. MIDLAND FUNDING, LLC ET AL

NOTICE TO: MIDLAND CREDIT MANAGEMENT, INC., C/O CSC LAWYERS INC SVC 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   ROLAND L. ENGRAM
pursuant to the Alabama Rules of the Civil Procedure

2/25/2012 12:26:44 PM | /s ANNE-MARIE ADAMS | |
Date | Clerk/Register | By

☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
| Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County, Alabama on

Date | Server's Signature

### 01-CV-2012-900618.00
ROLAND L. ENGRAM V. MIDLAND FUNDING, LLC ET AL

C001 - ROLAND L. ENGRAM | v. | D002 - MIDLAND CREDIT MANAGEMENT, INC.
Plaintiff | | Defendant

01-CV-2012-900618.00 D002

# SERVICE RETURN

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2012-900618.00 |
| --- | --- | --- |

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**ROLAND L. ENGRAM V. MIDLAND FUNDING, LLC ET AL**

NOTICE TO: MIDLAND FUNDING, LLC, C/O CSC LAWYERS INC. SVC 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   ROLAND L. ENGRAM
   pursuant to the Alabama Rules of the Civil Procedure

| 2/25/2012 12:26:44 PM | /s ANNE-MARIE ADAMS | |
| --- | --- | --- |
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
| --- | --- |
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date                          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**01-CV-201**<br>Date of Filing:<br>02/25/2012 | ELECTRONICALLY FILED<br>2/25/2012 12:26 PM<br>CV-2012-900618.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### ROLAND L. ENGRAM v. MIDLAND FUNDING, LLC ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other:  FDCPA

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawful Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  WAT056      2/25/2012 12:23:50 PM      /s/ JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided

ELECTRONICALLY FILED
2/25/2012 12:26 PM
CV-2012-900618.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ROLAND L. ENGRAM, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: |
| MIDLAND FUNDING, LLC, a corporation; | ) |
| MIDLAND CREDIT MANAGEMENT, | ) |
| INC., a corporation; FICTITIOUS | ) |
| DEFENDANTS A, B and C being that | ) |
| person, entity or individual who collected on | ) |
| the account at any time; FICTITIOUS | ) |
| DEFENDANTS D, E, and F, being that | ) |
| person, entity or individual who negligently | ) |
| hired, trained and supervised the person or | ) |
| entity charged with collecting on the | ) |
| account; FICTITIOUS DEFENDANTS G, | ) |
| H, and I, being that person, entity or | ) |
| individual who threatened or did cause | ) |
| harm to Plaintiffs including credit | ) |
| reporting; FICTITIOUS DEFENDANTS J, | ) |
| K. and L, being that person, entity or | ) |
| individual who committed the wrongful acts | ) |
| alleged in the Complaint. Names of the | ) |
| Fictitious parties are unknown to the | ) |
| Plaintiffs at this time but will be added by | ) |
| amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT

COMES NOW the Plaintiff, by and through counsel, and for his Complaint against the

Defendants states as follows:

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection

Practices Act[1]   (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendants and their agents in its illegal efforts to collect a consumer debt from Plaintiff.

2.   The Plaintiff was sued for a debt he did not owe.

3.   The Plaintiff won the lawsuit.

4.   Defendants have continued to illegally collect against Plaintiff on a debt he does not owe.

5.   The following background information is set forth to provide helpful information regarding the collection lawsuit industry.

## BACKGROUND INFORMATION ON DEBT BUYER LAWSUITS IN ALABAMA

6.   This case represents a growing trend in the debt collection and credit reporting industries.

7.   First, a debt buyer which claims to buy the Plaintiff's debt for pennies on the dollar will sue the Plaintiff in small claims or district court.

8.   The debt buyer will hire a collection law firm to file the suit.

9.   Generally, most consumers default as they assume if a lawsuit has been filed, it must be legitimate.

10.   Occasionally, however, the consumer will file an answer and deny owing money.

11.   This causes great annoyance and angst for the debt buyer and the collection law firm.

12.   The reason is that the debt buyer and the collection lawyer know that in virtually every case they will be unable (or unwilling) to prove that the consumer owes this debt to the debt buyer.

13.   The debt buyer and collection law firm have no intention of proving their case.

14.   No witness will be provided by the debt buyer.

15.   The entire model is based upon filing a high volume of cases, obtaining default judgments, and never having to make any effort to prove the allegations of the lawsuit.

16.   When resistance is provided, such as an attorney defending a consumer, the debt buyer's collection law firm will dismiss the case or will show up at trial with no evidence, no witness, and no intention of proving the case.

17.   This is a reality that the debt buyers and collection lawyers prefer to keep secret from consumers in Alabama.

18.   The case gets set for trial.

19.   Knowing they cannot prove their case, the debt buyer and collection law firm will dismiss their case with prejudice right before trial.

20.   The debt buyer and collection law firm have 14 days to appeal from an adverse judgment in Alabama Small Claims or Alabama District Court.

21.   The debt buyer does not appeal.

22.   The debt buyer knows that losing its case means under Alabama law that the debt is not owed by the consumer to the debt buyer.

23.   The collection lawyer knows that losing its case means under Alabama law that the debt is not owed by the consumer to the debt buyer.

24.   Since the debt is not owed, collection efforts must cease.

25.   Since the debt is not owed, credit reporting must cease by the debt buyer (and its related collection entities).

26.   Normally, however, the debt buyer (and even sometimes the collection law firm) is not willing to give up.

27.   The debt buyer will continue to credit report that the consumer owes the debt.

28.   The same debt that a court determined is not owed.

3

29.   Often the consumer will be convinced to pay the non-existent debt to get it off their credit report or to stop the collection activities.

30.   When confronted about their actions, the debt buyer, the collection agency, and its agents (including attorneys) will say the payment was voluntary.

31.   The debt buyer and collection agency will say the collection efforts were merely accidents caused by one or more of the following (or similar excuses):

32.   "A new person was working who improperly coded the file."

33.   "A simple keyboard error occurred that kept the debt alive."

34.   "The letters and calls and credit reporting were simply to give the consumer a chance to pay off a moral obligation but were not really attempts to collect the debt."

35.   "The debt buyer files so many lawsuits; it can't be expected to keep up with which ones it loses."

36.   "The debt buyer did not even know the collection law firm had filed the suit."

37.   "The collection law firm never told the debt buyer the suit had been lost."

38.   "The debt buyer and collection agency can collect on any debt, even one that is not owed, because the consumer is guilty until he or she proves that she is innocent."

39.   "Collection is important in America for the economy, so if some innocent people are harassed, it is acceptable for the good of the economy."

40.   "Being harassed and sued and credit reported on a debt you do not owe should not cause any one any problems."

41.   "Debt collection is a tough business and there are going to be innocent people who are harmed and that is just a reality and there is no need to get upset about it or to sue anyone. It is part of life."

4

42.     When sued over this illegal conduct, the debt buyer will make the excuses listed above.

43.     Ultimately, when sued, the debt buyer will say "Well, yes, technically this should not have happened but despite losing in court we all know this consumer really did owe the money, so we are allowed to violate multiple state and federal laws."

44.     When sued, the debt buyer will say it is the fault of the consumer.

45.     When sued, the debt buyer will blame the collection law firm.

46.     When sued, the debt buyer will say the consumer is guilty of contributory negligence.

47.     Amazingly, when sued the debt buyer will say that the judgment of a small claims or state district court judge is not a "real judgment" and should not bind the debt buyer and the debt buyer will desire to show that the debt really was owed, despite losing the collection lawsuit.

48.     The Plaintiff in this case disagrees and has brought this case to expose this dark side of the collection industry and how the collection industry abuses consumers across Alabama in a routine, systematic, and deliberate manner.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

49.     Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

50.     Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

51.     Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

52.     15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it

states as follows:

(a)     There is abundant evidence of the use of abusive, deceptive, and unfair
        debt collection practices by many debt collectors. Abusive debt collection
        practices contribute to the number of personal bankruptcies, to marital
        instability, to the loss of jobs, and to invasions of individual privacy.

(b)     Existing laws and procedures for redressing these injuries are inadequate
        to protect consumers.

(c)     Means other than misrepresentation or other abusive debt collection
        practices are available for the effective collection of debts.

(d)     Abusive debt collection practices are carried on to a substantial extent in
        interstate commerce and through means and instrumentalities of such
        commerce. Even where abusive debt collection practices are purely
        intrastate in character, they nevertheless directly affect interstate com-
        merce.

(e)     It is the purpose of this title to eliminate abusive debt collection
        practices by debt collectors, to insure that those debt collectors who
        refrain from using abusive debt collection practices are not
        competitively disadvantaged, and to promote consistent State action to
        protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

53.     Plaintiff Roland L. Engram (hereinafter "Plaintiff") is a natural person who is a resident of

Alabama, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

54.     Defendant Midland Funding, LLC, ("Defendant" or "Midland[2]") is a foreign debt

collection firm that engages in the business of debt collection in Alabama. It is a debt

collector under the FDCPA.

55.     Defendant Midland Credit Management, Inc., ("Defendant" or "Midland") is a foreign

debt collection firm that engages in the business of debt collection in Alabama. It is a

debt collector under the FDCPA.

---

[2] "Midland Funding, LLC" or "Midland Credit Management, Inc." means Midland directly or through its debt
collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or
otherwise took any collection action against Plaintiff.

56.   Defendant Midland Funding, LLC and Defendant Midland Credit Management, Inc. are hereinafter referred to collectively as "Midland."

57.   Defendant Midland Funding, LLC, upon information and belief, allegedly buys defaulted consumer debt.

58.   Defendant Midland Funding, LLC, assigns all collection activities for the defaulted debt to Midland Credit Management, Inc.

59.   These companies are operated from the same location, with the same ownership, and are otherwise treated as one company.

60.   FICTITIOUS DEFENDANTS A, B and C being that person, entity or individual who collected on the account at any time; FICTITIOUS DEFENDANTS D, E, and F, being that person, entity or individual who negligently hired, trained and supervised the person or entity charged with collecting on the account; FICTITIOUS DEFENDANTS G, H, and I, being that person, entity or individual who threatened or did cause harm to Plaintiffs including credit reporting; FICTITIOUS DEFENDANTS J, K. and L, being that person, entity or individual who committed the wrongful acts alleged in the Complaint. Names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

61.   Any reference to any Defendant or Defendants includes all fictitiously described defendants as if fully set forth.

## Factual Allegations

## The Small Claims Complaint

62.    On June 28, 2011, Defendant Midland sued Plaintiff[3] in the Small Claims Court of Jefferson County, Alabama, with a case number of SM-2011-2322.

63.    This suit was filed by the Couch, Conville & Blitt, LLC collection law firm.

64.    In this suit, Defendant Midland asserted it was the owner of a certain debt allegedly owed by Plaintiff.

65.    The debt was listed at $1,243.82 plus interest.

66.    The original creditor is listed as First Bank of Delaware Tribute Mastercard.

67.    Given this lawsuit, Defendant Midland would be expected to have an intention of proving its case.

68.    No such intention existed.

69.    Defendant Midland never intended to offer one shred of evidence to prove its case.

70.    This lawsuit, and the hundreds of other Alabama lawsuits filed by Midland, was filed with the intention of getting default judgments on debts that Defendant Midland cannot and will not prove it has any right to collect on.

## Plaintiff Answers The Midland Lawsuit

71.    Plaintiff did not and does not owe the debt.

72.    Plaintiff filed an Answer denying the allegations of Defendant Midland.

73.    The Answer was filed on July 21, 2011.

74.    Defendant Midland received a copy of this denial.

75.    Defendant Midland understood that Plaintiff was refusing to pay on this debt.

---

[3] Plaintiff's last name was misspelled as "Ingram" instead of "Engram."

8

## The Judge Sets The Midland Lawsuit For Trial

76.    The state court set the case for trial.

77.    Notice was sent to Defendant Midland and Plaintiff.

78.    At all times Plaintiff was prepared for trial.

## Midland Files A Motion To Dismiss The Lawsuit With Prejudice

79.    Defendant Midland realized that Plaintiff was willing to fight this case and that Plaintiff
       had counsel representing him.

80.    Defendant Midland knew that with its intention to never prove the case, and with a
       represented Plaintiff, the game was over.

81.    Defendant Midland had no intention of ever going to court to prove its case.

82.    Defendant Midland filed a Motion to Dismiss with Prejudice.

## Midland Loses The Collection Case

83.    On September 29, 2011, District Court Judge Amari dismissed the case with prejudice.

84.    This ended the case Defendant Midland filed against Plaintiff.

85.    This should have ended the collection activities against Plaintiff by Defendant Midland.

86.    Collection activities continued.

## Implications Of Losing The Case

87.    Defendant Midland knows that under Alabama law when it loses a case by dismissing it
       with prejudice, this means Plaintiff does not owe Defendant Midland any money on this
       alleged debt.

88.    Defendant Midland knows that losing the case means that it cannot credit report this
       account on Plaintiff.

89. Defendant Midland knows that losing the case means it cannot continue to collect against Plaintiff on this account.

90. Defendant Midland knows that losing the case means that it cannot send the account out to another collection agency.

## False Credit Reporting By Defendant Midland

91. After the lawsuit was filed, Defendant Midland reported on Plaintiff's credit report that this account was owed.

92. Even after the loss by Defendant Midland on September 29, 2011, credit reporting continued.

93. Plaintiff's credit reports, accessed on February 23, 2012, show the Defendant Midland account still on Plaintiff's credit report.

94. The credit reports show a balance owed.

95. The credit reports show this as a collection account.

## Why Defendant Midland Falsely Credit Reports After Losing Its Collection Case

96. Defendant Midland has a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. The reason is to keep false information on the credit report. The false information consists of a balance shown as owed when Defendant Midland knows no balance is owed.

97. Defendant Midland has promised through its subscriber agreements or contracts to accurately update accounts but Defendant Midland has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FDCPA and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

10

98.   Defendant Midland assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

99.   Defendant Midland has a policy to "park" its accounts on at least one of the consumer's credit report. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant Midland 's intentional and malicious conduct.

100.  In parking or allowing the parking of an account, Defendant Midland knows it is violating its obligation and duty under federal and state law to accurately report the account and the balance.

101.  Defendant Midland knows that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendant's actions with the goal to force the Plaintiff to pay on an account Plaintiff does not owe.

102.  Defendant Midland failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

103.  Defendant Midland has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt

to third parties, including consumer-reporting agencies, that Plaintiff owes the debt, that Plaintiff defaulted, and that the account was in collections with a balance currently owed.

## Remaining Factual Allegations Against Defendant Midland

104. Defendant Midland is not the owner of this alleged debt.

105. Defendants Midland has continued collection activities against Plaintiff.

106. These continued collection activities include credit reporting.

107. Based upon information and belief, the continued collection activities include a planned second lawsuit against Plaintiff for this debt.

108. Plaintiff did not and does not owe this money to Defendant Midland.

109. The debt being collected is a consumer debt as defined by the FDCPA.

110. Plaintiff is a "consumer" as defined by the FDCPA.

111. Defendant Midland is a "debt collector" as defined by the FDCPA.

112. Defendant Midland refused to give Plaintiff all required notifications and disclosures under the FDCPA.

113. Defendant Midland dismissing the case against the Plaintiff shows that Plaintiff does not owe this debt.

114. Defendant Midland has been repeatedly sued in Alabama for filing suits with no basis to do so.

115. Defendant Midland has been repeatedly sued in Alabama for filing suits with no intention of proving the allegations in the lawsuits.

116. Defendant Midland has been repeatedly sued in Alabama for refusing to correct credit reports after it has lost a collection case.

117. Defendant Midland has been repeatedly sued in Alabama for continuing collection activities by demanding payments from consumers after the consumers have won their Midland collection cases.

118. Defendant Midland has full knowledge of what it is doing by filing bogus lawsuits and continuing illegal collection activities after losing its collection lawsuits.

119. The conduct of the Defendant Midland has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

120. It is a practice of the Defendant Midland to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

121. Defendant Midland knows its conduct is wrong.

122. All actions taken by employees, agents, servants, or representatives of any type for the Defendant Midland were taken in the line and scope of such individuals' employment, agency or representation.

123. All actions taken by the Defendant Midland were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

124. Defendant Midland has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or consumer reports and as such Defendant

13

Midland is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

125. Defendant Midland is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

## SUMMARY

126. All of the above-described collection activities made to Plaintiff by Defendant Midland were made in violation of the FDCPA, including (but not limited to) §1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

127. The above-detailed conduct by the Defendant Midland of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

128. This series of abusive collection actions by Defendant Midland caused Plaintiff stress and anguish.

129. Defendant Midland 's attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

130. Plaintiff has suffered actual damages as a result of these illegal actions by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation,

embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

131. Defendant Midland negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

132. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

133. The acts and omissions of Defendant Midland constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including (but not limited to) §1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

134. As a result of Defendant Midland's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Midland.

## COUNT II.

## INVASION OF PRIVACY

135. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

136. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Midland violated Alabama state law as described in this Complaint.

137. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a) (emphasis added).

138. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

139. Defendant Midland intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

140. Defendant Midland intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

16

141. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

142. The conduct of Defendant Midland, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant Midland which occurred in a way that would be highly offensive to a reasonable person in that position.

143. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Midland.

144. All acts of Defendant Midland were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Midland is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

145. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

146. Defendant Midland's collectors are allowed and encouraged to break the law in order to collect debts.

147. Defendant Midland is aware of the wrongful conduct of its collectors.

148. Defendant Midland negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Midland is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

149. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

150. Defendant Midland acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

151. Defendant Midland violated all of the duties Defendant Midland had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

152. It was foreseeable, and Defendant Midland did in fact foresee it, the actions of Defendant Midland would lead and did lead to the exact type of harm suffered by Plaintiff.

153. Defendant Midland acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

154. Defendant Midland invaded the privacy of Plaintiff as set forth in Alabama law.

155. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

156. As a result of this conduct, action, and inaction of Defendant Midland, Plaintiff has suffered damages as set forth in this Complaint.

## COUNT V

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS AGAINST DEFENDANT MIDLAND

157. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

158. Defendant Midland instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so.

159. Defendant Midland filed the lawsuit with no intention of ever proving its case.

160. Defendant Midland continued to prosecute the case with no intention of ever proving its case.

161. Defendant Midland filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if Plaintiff did not answer the suit.

162. Defendant Midland instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant Midland money on a non-existent debt.

163. The malicious plan of Defendant Midland included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and the Defendant Midland tried to accomplish this by the Defendant Midland's malicious and abusive actions.

164. Throughout the entire illegal lawsuit against Plaintiff, Defendant Midland knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant Midland knew it was not entitled to receive.

165. The litigation against Plaintiff filed by Defendant Midland eventually resulted in an adjudication in favor of Plaintiff after Defendant Midland realized that its illegal scheme and plan had unraveled in that it had been caught.

166.    The illegal and improper actions of the Defendant Midland   constitute malicious prosecution and abuse of process.

167.    The Plaintiff suffered past and future emotional distress and monetary loss as a direct and proximate result of Defendant Midland's abuse of process and malicious prosecution.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be entered against all Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
M. Stan Herring (HER037)
Attorneys for Plaintiff

OF COUNSEL:
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 facsimile
john@wattsherring.com
stan@wattsherring.com

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
Attorney for Plaintiff

20

Serve defendants via certified mail at the following address:

Midland Funding, LLC
c/o CSC Lawyers Incorporating Srv Inc
150 S. Perry Street
Montgomery, Alabama 36104

Midland Credit Management, Inc.
c/o CSC Lawyers Incorporating Srv Inc
150 S. Perry Street
Montgomery, Alabama 36104

ELECTRONICALLY FILED
2/25/2012 12:26 PM
CV-2012-900618.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ROLAND L. ENGRAM, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: |
| MIDLAND FUNDING, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S INTERROGATORIES, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR PRODUCTION OF STATEMENTS TO DEFENDANTS

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

- 1 -

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

- 2 -

comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.    The date of the document;

b.    The type of document;

c.    The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.    The name of the employer or principal whom the signers, addressers and preparers were representing;

e.    The present location of the document;

f.    The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.    A summary of the contents of the document; and

h.    If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location.  If there

- 3 -

are no such documents, please so state.  If there are such documents, please list and mark appended documents responsive to each request.  (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them.  An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it.  If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of three (3) years prior to the filing of the suit to the day the Defendant responds to the discovery.

- 4 -

## INTERROGATORIES

Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:

1. Identify all documents, witnesses, and facts that relate to your affirmative defense of "bona fide error" under the FDCPA.

2. Identify all documents, witnesses, and facts that relate in any way to each and every affirmative defense pled in your answer or any amendment thereto.

3. Identify and describe each communication, or attempted communication, between the Defendants and the Plaintiffs, or any other person, which is in any way related to the Plaintiff's alleged debt, by stating the following:

   a. The name of the individual initiating communication;

   b. The name of the person and/or description of the person to whom the communication was directed;

   c. The date and time of the communication;

   d. The method of the communication (e.g. letter, phone call, in-person, auto dialer, pre-recorded message, predictive dialer, etc);

   e. A detailed description of the substance of the communication, (do not simply refer to collection notes);

   f. Identification of all witnesses to or participants in the communication; and,

   g. Any actions taken by any Defendant as a result of the communication.

4. Identify all lawsuits brought against Defendants arising out its collection or attempted collection activities, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

- 5 -

5.   Identify all lawsuits brought against Defendants arising out of any alleged inaccurate credit reporting, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

6.   Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

7.   For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

   a.   First, last, and middle legal name;

   b.   All DBA, fake, or alias name(s) used by this person;

   c.   Job title or capacity;

   d.   Business address and telephone number;

   e.   Home address and telephone number;

   f.   Age;

8.   Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

9.   Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

   a.   First, last, and middle legal name;

   b.   All DBAs, fake, or alias name(s) used by this person;

   c.   Job title or capacity;

   d.   Business address and telephone number;

- 6 -

e.   Home address and telephone number;

f.   Age;

g.   State the general substance of each person's knowledge.

10.   Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:

a.   The training content, timing, and duration;

b.   All documents and audio or visual materials used in such training; and

c.   Each person involved in providing such training.

11.   Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

12.   Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts.

13.   Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts; and Defendants' policies and procedures for operating such a system of records.

14.   Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

15.   Identify whether any or all of the Defendants recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

- 7 -

16.     Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

17.     In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was originated, referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

18.     Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider.

19.     Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider.

20.     Identify the full legal name, address, telephone, position, and title of all former employees of Defendants who in any manner were involved with the account of the Plaintiff.

21.     Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, by supplying

- 8 -

the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

22. Explain in detail and identify all persons with knowledge and all documents related to the relationship between the Defendants in this case.

<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:

1. Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements:

2. Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees and agents in any and all of the following areas:

   a. Collection policies;

   b. Collection procedures;

   c. Collection methods;

   d. Collection techniques;

   e. Collection tactics;

   f. Collection rules;

   g. Collection regulations; and

   h. Compliance with local, state, or federal laws, codes, or regulations.

3.   Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or who are agents of Defendants or supervised by Defendants.

4.   Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts.

5.   Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities.

6.   Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiff.

7.   Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiffs reside.

8.   Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

9. Any and all documents or recordings documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiffs, including but not limited to:

    a. Records of all inbound or outbound telephone calls, to or from Plaintiff;

    b. Records of all inbound or outbound United States mail, to or from Plaintiff.

    c. Records of all other inbound or outbound communication of whatever kind, to or from Plaintiff.

10. Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiffs' name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff.

11. A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

12. Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment.

13. Any and all documents relating in any manner to your affirmative defense of bona fide error.

14. Any and all documents relating to any affirmative defense.

15. Exemplars of any and all documents of whatever kind given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment.

- 11 -

## REQUEST FOR PRODUCTION OF STATEMENTS

Pursuant to Rule 26 and 34 of the Rules of Civil Procedure, Plaintiff demands that copies of the following be made available:

1.  All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.

## REQUEST FOR ADMISSIONS

Pursuant to the Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:

1.  The debt being collected is a consumer debt as defined by the FDCPA.

2.  You are a "debt collector" as defined by the FDCPA.

3.  You agree a debt collector who violates the FDCPA should apologize to the consumer.

4.  You agree debt collectors who violate the FDCPA put law abiding debt collectors at a competitive disadvantage.

5.  You have no intention of changing the way you collect debts after learning what you did to the Plaintiff.

6.  You refuse to apologize to the Plaintiff for your debt collection activities.

7.  Nothing prior to this suit being filed prevented you from apologizing to the Plaintiff.

8.  You have never apologized to the Plaintiff.

9.  You reported this debt to one or more of the consumer reporting agencies.

10. You reported this debt to one or more of the consumer reporting agencies after you lost the collection trial against Plaintiff.

11. Plaintiff does not owe you any money on the account you sued Plaintiff for.

12. You knew before you dismissed the case that Plaintiff disputed the debt.

13. You have not marked the account as disputed on Plaintiff's credit reports s of the date this suit was filed.

14. You still believe that Plaintiff owes the debt.

15. You intend to continue collection activities against Plaintiff.

16. Until this lawsuit was received, you planned on continuing collection activities against Plaintiff.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
M. Stan Herring (HER037)
Attorneys for Plaintiff

OF COUNSEL:
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 facsimile
john@wattsherring.com
stan@wattsherring.com

SERVE WITH THE SUMMONS AND COMPLAINT

- 13 -



ELECTRONICALLY FILED
2/25/2012 12:26 PM
CV-2012-900618.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ROLAND L. ENGRAM, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: |
| MIDLAND FUNDING, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF MIDLAND FUNDING, LLC AND MIDLAND CREDIT MANAGEMENT, INC. BY VIDEO AND/OR OTHER LAWFUL MEANS

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

DEPONENT:     Corporate Representative of Midland Funding, LLC and Midland Credit Management, Inc.

DATE:     June 11, 2012

TIME:     10:00 a.m.

PLACE:     Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

**Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant[i] must designate an individual to testify as to the following matters:**

1.    The Defendant's investigation into the claims made by Plaintiff in the Complaint;

2.    The methods, practices, techniques and strategies used by Defendant in training their collection employees;

3.    The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

4.    The management, supervision, and discipline of all Defendant's collection employees and agents;

5.    The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

6.    The use of alias names by any Defendant and or employee of any Defendant in the collection of accounts;

7.    All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

8.    The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

9.    The telephone system(s), local and long distance services used by Defendant and its collection employees and agents in the course of their business or in the course of collecting accounts;

10.    The phone systems of Defendant and any monitoring and recording of telephone calls;

---

[i] "Defendant" refers to both Defendant Midland Funding, LLC and Defendant Midland Credit Management, Inc.

11. The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

12. The long distance telephone provider used to make calls relating to the herein account;

13. The factual basis for the Defendant's Answer;

14. The factual basis for the Defendant's defenses contained in their Answer;

15. The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

16. The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

17. All documents produced to Plaintiff by Defendant in the course of this case;

18. The general nature of the Defendant's businesses;

19. The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present;

20. Policies and procedures on apologizing to consumers when you determine you have violated the law against a consumer;

21. Who the Defendant represented while collecting the debt at issue;

22. All communications between you and any other Defendant in this case in any way related to Plaintiff;

23. All communication between you and any other debt collector in any way related to Plaintiff; and

-3-

24. All threatened, planned, and/or carried out collection activities of any type against or concerning the Plaintiff.

DUCES TECUM

PLEASE TAKE FURTHER NOTICE that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1. All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
M. Stan Herring (HER037)
Attorneys for Plaintiff

OF COUNSEL:
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 facsimile
john@wattsherring.com
stan@wattsherring.com

PLEASE SERVE WITH THE SUMMONS AND COMPLAINT

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2012-900618.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### ROLAND L. ENGRAM V: MIDLAND FUNDING, LLC ET AL

NOTICE TO: MIDLAND FUNDING, LLC C/O CSC LAWYERS INC. SVC 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   ROLAND L. ENGRAM
pursuant to the Alabama Rules of the Civil Procedure.

| 2/25/2012 12:26:44 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County, Alabama on _____

| _____ | _____ |
|---|---|
| Date | Server's Signature |

### 01-CV-2012-900618.00
### ROLAND L. ENGRAM V. MIDLAND FUNDING, LLC ET AL

| C001 - ROLAND L. ENGRAM | v. | D001 - MIDLAND FUNDING, LLC |
|---|---|---|
| Plaintiff | | Defendant |

01-CV-2012-900618.00 D001

## SERVICE RETURN